# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 11, 2008

## FRANCIS ROY, M.D. v. THE CITY OF HARRIMAN, ET AL.

**Appeal from the Circuit Court for Roane County**
**No. 13545     Russell Simmons, Jr., Judge**

---

**No. E2007-00785-COA-R3-CV  - FILED JUNE 30, 2008**

---

D. MICHAEL SWINEY, J., separate concurring Opinion.


I fully concur with our Opinion in this case.  I do so because I believe the result is mandated by the language of the Tennessee Peer Review Law, Tenn. Code Ann § 63-6-219 (2004). However, I write separately to express my opinion that the statute as enacted by the General Assembly and interpreted by the courts of this state, including this Court, contains an irreconcilable conflict.

I concur with our holding as stated in this Opinion that "the Peer Review Law creates a privilege that bars the discovery *or use* of '[a]ll information, interviews, incident or other reports, statements, memoranda or other data furnished to any committee as defined in [the statute], and any findings, conclusions or recommendations resulting from the proceedings of such committee,' unless the information in question falls under an exception to the privilege.  Tenn. Code Ann. § 63-6-219(e)."  Where I believe the irreconcilable conflict arises is in the application of this holding to Tenn. Code Ann. § 63-6-219(d)(2) which reads as follows in relevant part:

> [A]ny person providing information, whether as a witness or otherwise, to a medical review committee regarding the competence or professional conduct of a physician is immune from liability to any person, unless such information is false and the person providing it had actual knowledge of such falsity.

Applying section (d)(2) of that statute to the case now before us, Dr. Bennett is not immune from liability to Dr. Roy if the information Dr. Bennett provided to the Peer Review Committee is false and Dr. Bennett had actual knowledge of such falsity.  This is what is alleged by Dr. Roy.

Under the clear language of the statute, Dr. Bennett is not immune if the information he provided to the Peer Review Committee was false and he knew it was false. However, our Opinion, which I concur in, means that not only can Dr. Roy not discover what Dr. Bennett told the Peer Review Committee, he cannot have it admitted as evidence even though he has received it by some means other than formal discovery and from a source other than Dr. Bennett. In short, even though a plaintiff may have a cause of action against an individual who knowingly provides false information to a Peer Review Committee, that plaintiff is prohibited not only from discovering what was said to the Peer Review Committee but also is prohibited from having what was said to the Peer Review Committee admitted as evidence even if he has obtained it by a means other than formal discovery and from a source other than the original source, the defendant.

I am at a loss as to how any potential plaintiff could proceed against an individual who is not immune from liability because he knowingly provided false information to a Peer Review Committee without being able to discover what was said to the Peer Review Committee and then being able to have what was said admitted into evidence. I believe it is an impossibility under the statute as interpreted by the courts of this state. The end result is that Tenn. Code Ann. § 63-6-219(d)(2) is effectively deleted from the statute because although such an individual who knowingly provides false information is not immune from liability, there is absolutely no way for a plaintiff to prove it unless the defendant, as the original source, for some reason voluntarily furnishes or tells the plaintiff what false information he provided to the Peer Review Committee.

As stated, I believe this is an irreconcilable conflict in the language of the statute as enacted by the General Assembly. However, perhaps I am in error and our Supreme Court can find a way to reconcile this, to me, apparently irreconcilable conflict. For these reasons, I concur but write separately.

_____
D. MICHAEL SWINEY, JUDGE

-2-